FILED
RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
MAY 0 1 2007
APR -5
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

O.L., individually
and
WILLIAM HOUSTON,
as next friend of the minor child,
O.L., ward of the District of Columbia,
1008 Pendleton Street
Alexandria, VA 22314

Plaintiff

v.

GOVERNMENT OF THE DISTRICT OF COLUMBIA
A Municipal Corporation

Defendant.

    Serve:
    Robert Spagnoletti,
    Attorney General
    District of Columbia
    441 4th Street, N.W.
    Washington, DC 20001

    and

    Mayor Adrian Fenty
    Office of the Secretary
    1350 Pennsylvania Avenue, N.W.
    Washington, DC 20004

Case: 1:07-cv-00792
Assigned To : Friedman, Paul L.
Assign. Date : 05/01/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## COMPLAINT

RECEIVED
APR 0 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## JURISDICTION

1. Plaintiff brings this Complaint seeking relief from an adverse decision regarding the provision of a free appropriate public education ("FAPE"), pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §§ 1400 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343; and pendent jurisdiction pursuant to D.C. Mun. Regs. tit. 5 §§ 3000 *et seq.* Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff is the court appointed educational advocate[1] for the minor child, O.L., a ward of the District of Columbia. The minor child was a ward of the District of Columbia during the time of the underlying administrative proceedings.

3. Defendant District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public Schools System ("DCPS"). DCPS is the State Educational Agency ("SEA"), as well as the Local Educational Agency ("LEA") for all public schools in the District of Columbia, responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and is responsible for issuing checks in payment of reasonable attorneys' fees and costs incurred by the Plaintiffs who prevail in pursuing claims under IDEIA.

## FACTS

4. O.L. is seventeen years old and is a ward of the District of Columbia.

5. O.L. is a student with special needs and has an individualized education program ("IEP").

---

[1] The Superior Court of the District of Columbia appointed Mr. William Houston as O.L.'s educational advocate and "Guardian, Limited for Educational Purposes" on 7 April 2005. (see Order attached).

2

6.  During the school year 2005-2006, O.L. was living in a group home in the District of Columbia and attending DCPS Eastern Senior High School.

7.  O.L. currently resides with her foster mother in Maryland and attends Parkdale High School in Maryland.

8.  On 3 February 2006, O.L.'s court appointed educational advocate filed a due process hearing request alleging, *inter alia*, that DCPS had not timely re-evaluated O.L.

9.  On 30 March 2006, DCPS convened a Due Process Hearing.

10. On 26 April 2006, Hearing Officer Butler-Truesdale issued an Amended Hearing Officer's Decision which stated in part that O.L. could obtain independent evaluations if DCPS had not completed them within thirty (30) days.

11. When DCPS failed to perform the evaluations, O.L., through counsel, obtained the independent evaluations and forwarded them to Eastern Senior High School on 20 September 2006.[2]

12. The Hearing Officer's Decision ("HOD") gave DCPS fifteen (15) school days to hold a multi-discipline team ("MDT") meeting to review the independent evaluations and update the IEP.

13. The Superior Court of the District of Columbia moved O.L. to a foster parent who now resides in Maryland, and thus O.L. began attending Parkdale High School, which is a Prince George's County, Maryland public school.

14. DCPS has been funding O.L.'s placement at Parkdale High School.

---

[2] Although O.L. had moved to Ballou Senior High School, DCPS and O.L.'s counsel agreed at a meeting on 6 September 2006 that O.L., through counsel, would forward the documents to Eastern and they would hold the MDT meeting.

15. When DCPS failed to convene the HOD ordered MDT meeting, O.L.'s court appointed educational advocate filed a due process complaint notice on 2 November 2006 alleging that DCPS failed to comply with the terms of the prior HOD.

16. On 8 January 2007, DCPS convened a Due Process Hearing.

17. At the hearing, DCPS argued that the Hearing Officer should dismiss the complaint because the parent was absent at the hearing. The Hearing Officer denied the oral motion and ruled that counsel for O.L. met the criteria of a surrogate parent because he was appointed by the District of Columbia Superior Court as O.L.'s advocate "for Educational Purposes" and "Guardian, Limited for Educational Purposes."[3]

18. On 12 January 2007, Hearing Officer Terry Michael Banks issued an HOD dismissing the due process complaint notice concluding, "even though DCPS failed to convene the MDT meeting as ordered, [O.L.]'s non-residence absolves DCPS of any continuing obligation to [O.L.]. While the District may have an ongoing responsibility for [O.L.] due to [O.L.'s] status as a ward, DCPS has no obligation under IDEIA to provide FAPE to a nonresident."[4]

19. The Hearing Officer indicated that DCPS had no responsibility for providing FAPE to children who are parentally placed in a private school in a different school district. Thus, the Hearing Officer found that, pursuant to 34 C.F.R. § 300.131(a), DCPS was no longer responsible for providing FAPE to O.L. or complying with the former HOD since O.L.

---

[3] *See* HOD on Motion for Reconsideration at 3.

[4] *See id.* at 3-4.

was attending a school outside of DCPS.[5]

20. On 23 January 2007 O.L., through counsel, filed a Motion for Reconsideration citing statutory authority supporting the argument that wards of the District of Columbia remain residents of the District of Columbia.

21. On 31 January 2007, O.L., through counsel, filed an Addendum to the Motion for Reconsideration citing case law supporting the argument that wards of the District of Columbia remain residents of the District of Columbia.

22. On 5 February 2007, Hearing Officer Banks denied the Motion for Reconsideration and issued an HOD on the Motion for Reconsideration (see HOD attached).

## COUNT I

23. Plaintiff repeats and realleges paragraphs 1-22.

24. Hearing Officer Banks erred in ruling that DCPS has no obligation to provide FAPE to wards of the District of Columbia who reside outside of the District of Columbia. Children who are wards of the District of Columbia remain the responsibility of the District of Columbia. Thus, DCPS, as an entity of the District of Columbia, has an obligation under IDEIA to provide FAPE to all wards of the District of Columbia.

## COUNT II

25. Plaintiff repeats and realleges paragraphs 1-24.

26. Hearing Officer Banks erred in ruling that wards of the District of Columbia who live outside of the District of Columbia do not meet the residency requirements. A valid court order indicating that the student is a ward of the District of Columbia is sufficient to

---

[5] *See id.* at 3, n.5.

establish the student as a resident of the District of Columbia.

## COUNT III

27. Plaintiff repeats and realleges paragraphs 1-26.

28. Hearing Officer Banks erred in denying counsel's Motion for Reconsideration. Hearing Officer Banks rejected the arguments made by counsel holding that a ward of the District of Columbia, who resides with a foster parent in Maryland, has voluntarily and permanently moved outside of the District of Columbia, and is therefore not a resident of the District of Columbia. A ward's status is neither voluntary nor permanent. A ward of the District of Columbia remains the responsibility of the District of Columbia, regardless of physical location, until the ward is either permanently adopted or emancipated.

## COUNT IV

29. Plaintiff repeats and realleges paragraphs 1-28.

30. Hearing Officer Banks erred in ruling that O.L. should have initiated due process proceedings against Maryland for violations of IDEIA. The Hearing Officer incorrectly reasoned that Maryland is responsible for affording FAPE to a ward of the District of Columbia who resides with a foster parent in Maryland.

## COUNT V

31. Plaintiff repeats and realleges paragraphs 1-30.

32. Hearing Officer Banks erred in relying on 34 C.F.R § 300.131(a) to support his finding that DCPS was not responsible for providing FAPE to O.L., and that Maryland was responsible for providing FAPE. The regulation cited by the Hearing Officer provides, "each LEA must locate, identify and evaluate all children with disabilities who are

enrolled by their parents in private, including religious, elementary and secondary schools located in the school district served by the LEA." 34 C.F.R § 300.131(a). O.L. was not parentally placed in a private school, and therefore the Hearing Officer incorrectly relied on 34 C.F.R § 300.131(a) in making his findings.

**WHEREFORE**, Plaintiff respectfully requests this Court to:

1   Issue a judgment for the Plaintiff and against the Defendant on all aforementioned counts;

2   Order that the 5 February 2007 HOD be reversed, finding a denial of a free, appropriate, public education by DCPS;

3   Order that DCPS comply with the 26 April 2006 HOD and convene an MDT meeting within ten (10) days at the student's present school of attendance to review the independent evaluations, update the student's IEP, discuss and determine placement, and discuss and determine compensatory education;

4   Order an award of attorneys' fees and costs to Plaintiff; and

5   Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ William E. Houston*

William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, VA 22314
703-739-4300 (ph)
703-739-2323 (f)

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FAMILY COURT

IN THE MATTER OF         )
                         )
O_____ L_____          )     Case Number: N-5_8-04
                         )     Social File Number: 001544
RESPONDENT               )     Date of Birth: 22 July 1997
                         )

ORDER

Upon consideration of the record in this case and after due consideration of the interests of all parties in the above-captioned matter, it is this ___7___ day of _____ 2005 hereby:

ORDERED that William E. Houston, Esquire, specially trained educational advocate and member of the District of Columbia Bar is appointed a Counsel for Educational Purposes for O_____ L_____ in the above case to facilitate and determine the education needs of the respondent and to insure that she is properly placed.

IT IS FURTHER ORDERED that all District of Columbia agencies, including the District of Columbia Public Schools, are hereby directed to provide copies of any and all records, including educational records, to Mr. Houston or his designee, upon request.

IT IS FURTHER ORDERED that Mr. Houston is authorized to attend, participate in, and provide reports in connection with any court hearing held in this case.

IT IS FURTHER ORDERED that Mr. Houston is authorized to investigate fully the facts of this case, to review both the case and social records pertaining to this case, subject to the provisions and proscriptions of the D.C. Code, to review and obtain copies, if necessary, of respondents's educational records, medical records, social worker reports, psychiatric and psychological evaluations, or other records pertaining to the respondent that are necessary to the performance of the Educational Advocate's duties.

IT IS FURTHER ORDERED that Mr. Houston is appointed as a Guardian, Limited for Education Purposes for O    L         in order to authorize testing, screening, and whatever else is necessary to perform the duties incidental to this appointment.

IT IS FURTHER ORDERED that for the purposes of billing the District of Columbia Public Schools this matter is hereby certified as a Complex Litigation.

SO ORDERED.

_____
Magistrate Judge Julie Breslow

Copies to:

Assistant Attorney General
Office of the Attorney General
441 4th Street, N.W.; Suite 6N
Washington, DC 20001

Heather Feingold
Guardian *Ad Litem*
Bingham McCutchen LLP
Suite 800
1120 20th Street, NW
Washington, DC 20036-3406

William E. Houston
1008 Pendleton Street
Alexandria, VA 22314-1837

CC an office

Ralph dickinson, Esq.

Wesley Clark, Esq.

# District of Columbia Public Schools
## State Enforcement and Investigation Division

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| O          L            , STUDENT ) | |
| ) | Hearing Date: January 8, 2007 |
| Date of Birth: July 22, 1989 ) | |
| ) | |
| v. ) | Complaint Filed: November 2, 2006 |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| PUBLIC SCHOOLS ) | |
| ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| Student Attending: ) | |
| Parkdale High School (Maryland) ) | HOD: January 12, 2007 |

2007 FEB -5 PM 7: 02
DC PUBLIC SCHOOL SYSTEM

### HEARING OFFICER'S ORDER
### ON MOTION FOR RECONSIDERATION

| | |
|---|---|
| **Parents:** | Peggy Lindsey, Mother |
| **Counsel for the Petitioner:** | William E. Houston, Esquire<br>Dalton, Dalton & Houston, P.C.<br>1008 Pendleton Street<br>Alexandria, Virginia 22314-1837<br>(703) 739-4300; Fax: (703)739-2323 |
| **Counsel for DCPS:** | Daniel McCall, Esquire<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E.<br>9th Floor<br>Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | C   L |
|---|---|
| Child's Parent(s) (specific relationship) | Peggy Lindsey, Mother |
| Child/Parent's Representative | William E. Houston, Esquire |
| School System's Representative | Daniel McCall, Esquire |
| Placement Specialist, DCPS | Tim Fitzgerald |

Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Background**

Petitioner is a seventeen year-old student attending Parkdale High School ("Parkdale") in Maryland. On November 2, 2006, Petitioner filed a *Due Process Complaint Notice* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to comply with the terms of a hearing officer's decision ("HOD"). The due process hearing was convened on January 8, 2007. DCPS moved to dismiss the *Complaint* due to the absence of a parent at the hearing. The hearing officer overruled this objection, because Petitioner's counsel was appointed by the D.C. Superior Court as (1) counsel for Petitioner "for Educational Purposes for [Petitioner] ... to facilitate and determine the education needs of the respondent and to insure that she is properly placed," and (2) Guardian, Limited for Education Purposes for [Petitioner] in order to authorize testing, screening, and whatever else is necessary to perform the duties incidental to this appointment."[1] Thus, Petitioner's counsel meets the criteria of a surrogate parent.[2] The parties' Five-Day Disclosure Notices were admitted into evidence.[3] On January 12, 2007, this hearing officer issued a Hearing Officer's Decision ("HOD") dismissing the Complaint, having concluded that

> DCPS is obligated to provide a free appropriate public education ("FAPE") "to all children residing in the State."[4] Since Petitioner did not reside in the District at the time the *Complaint* was filed, DCPS has no obligation under IDEIA to provide Petitioner special education services.[5] Thus, even though DCPS failed to conduct the evaluations as ordered in the HOD, and even though DCPS failed to convene the MDT meeting as

---

[1] Petitioner's Exhibit ("P.Exh.") No. 2.
[2] 34 C.F.R. §300.519(c).
[3] DCPS objected to the admission of Petitioner's Five-Day Disclosure Notice on the grounds that no parent was present to authenticate the documents. Thus, Petitioner's counsel would be placed in the position of both moving the documents into evidence and authenticating them. The hearing officer overruled DCPS' objection, because the only documents in the Notice prepared by Petitioner's counsel were (1) the Complaint, (2) a cover letter enclosing documents, and (3) a letter to the Special Education Coordinator at Eastern S.H.S. attempting to arrange a meeting. None of these documents was offered for the truth of any statement in the documents.
[4] 20 U.S.C. §1412(a)(1)(A).
[5] The regulations require DCPS to provide FAPE to its wards, but only to those "residing in the State." 34 C.F.R. §300.111(a)(1). The regulations also impose childfind responsibilities for parentally-placed private school children attending private schools on the local education agencies ("LEAs") in whose school districts the private schools are located. 34 C.F.R. §300.131(a)(1). Thus, IDEIA is consistent in imposing FAPE requirements on the LEA in the jurisdiction where the child actually resides.

3

ordered, Petitioner's non-residence absolves DCPS of any continuing obligation to Petitioner. While the District may have an ongoing responsibility for Petitioner due to Petitioner's status as a ward, DCPS has no obligation under IDEIA to provide FAPE to a nonresident.

On January 23, 2007, Petitioner filed a *Motion for Re-Consideration* ("*Motion*") citing statutory authority for the contention that wards of the District remain residents of the District. On January 31, 2007, Petitioner's counsel filed an *Addendum* citing caselaw to dispute the hearing officer's holding that Petitioner's residence in Maryland deprived the hearing officer of jurisdiction.

### Analysis

The regulations governing due process hearings under IDEA make no provision for Motions for Reconsideration. Motions for Reconsideration were recognized as appropriate in *R.S. v. District of Columbia*.[6] There, a District Court judge held, in a case of first impression, that the D.C. Court of Appeals Rules 15(a) and (b) should be applied in these proceedings. Rule 15(a) provides that review of District agency final decisions "shall be obtained by filing with the clerk of this court a petition for review within thirty days after notice is given... of the order or decision to be reviewed." Rule 15(b) tolls the time for filing an appeal until the issuance of the order denying the petition for review. Pursuant to *R.S.*, Petitioner's *Motion* was timely filed.

In the *Motion*, Petitioner's counsel cited D.C. Code Section 38-309(b)(6) for the proposition that " '[a] currently valid court order indicating that the student is a ward of the District' is sufficient to establish a students' residency requirements for educational purposes." However, the provision cited by counsel appears in the Title of the D.C. Code relating to "Tuition of Nonresidents." Thus, while this provision requires the District to assume responsibility for the tuition of nonresident wards, it does not purport to require DCPS to assert authority for the educational programs for nonresidents. Counsel cited D.C. Code Section 4-1422 as authority for the District's obligation to

> [r]etain jurisdiction over the child sufficient to determine all matters that relate to the custody, supervision, care, treatment, and disposition of the child that it would have had if the child had remained in the sending state... The sending state shall continue to have financial responsibility for eh support and maintenance of the child during the period of the placement.[7]

This provision appears in Title 4, "Public Care Systems," Chapter 14, "Placement of Children in Family Homes," Subchapter II, "Interstate Compact on Placement of Children." The purpose for the provisions in this title is provided in the first Article:

---

[6] Civil Action No. 03-1811 (D.D.C. Nov. 17, 2003).
[7] D.C. Code §4-1422, Article V(a).

4

> It is the purpose and policy of the party states to cooperate in the interstate placement of children to the end that:
>
> (1) Each child who requires placement shall receive the maximum opportunity to be placed in a suitable environment with a person or institution that has appropriate qualifications and facilities to provide necessary and desirable care.
>
> (2) The appropriate authority in a state where a child is to be placed may have full opportunity to ascertain the circumstances of the proposed placement in order to promote full compliance with applicable requirements for the protection of the child.
>
> (3) The appropriate authority of the sending state may obtain the most complete information on the basis of which to evaluate a projected placement before it is made.
>
> (4) Appropriate jurisdictional arrangements for the care of children are promoted.[8]

Thus, it is apparent from Article I(2), that the statute does not impair the authority the "state where a child is to be placed," in this case Maryland, to have the ultimate authority for that placement and for compliance with "applicable requirement for the protection of the child," such as IDEIA.

In the *Addendum*, Petitioner's counsel cited *Lawrence v. District of Columbia Board of Ethics*[9] for the proposition that a student's residence "must be a fixed and permanent abode or dwelling place for the time being and not a mere temporary locality of existence."[10] In *Lawrence*, the Court held that former Mayor Marion Barry's involuntary incarceration did not deprive him of his long established intent to be a resident of the District.[11] Petitioner's counsel also cited *Hester v. District of Columbia*,[12] which held that a student's incarceration in Maryland did not alter his residence in the District. The *Hester* court cited Lawrence as prevailing local law involuntary incarceration did not deprive one of residency in the District.[13] Both cases are clearly distinguishable in that they relate to incarceration and the individuals' involuntary and temporary removal from the District. Petitioner's residence in Maryland is neither temporary nor involuntary. Presumably, Petitioner has no objection to her assignment to her foster parent. Moreover, her residence will remain in Maryland, with the foster parent, for an indefinite period of time.

---

[8] D.C. Code, §4-1422, Article I.
[9] 611 A.2d 529 (D.C. 1992).
[10] *Id.* at 532.
[11] *Id.* at 533.
[12] 433 F.Supp. 2d 71 (D.D.C. 2006).
[13] *Id.* at 79-80.

5

There is an additional, practical reason for concluding that Petitioner's residence, for purposes of IDEIA, is in Maryland. From Mr. Fitzgerald's testimony, it is apparent that DCPS officials are powerless to exercise any influence over wards' education in Maryland's public schools. DCPS officials cannot schedule meetings for those students, develop their Individualized Education Programs, or determine or effectuate their placements. DCPS representatives can attend Multidisciplinary Team ("MDT") meetings only if invited by Maryland school officials. Since a ward of the District residing in Maryland has the same right to initiate due process proceedings against Maryland officials as would a similarly situated resident of the District against DCPS, there is no reason to attempt to impose responsibility on DCPS where it has no authority for the student's public education.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, the representations of the parties' counsel, and Petitioner's *Motion for Reconsideration*, this 5th day of February 2007, it is hereby

**ORDERED**, that Petitioner's *Motion* is **DENIED**.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

### Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy within ninety (90) days of the entry of the Hearing Officer's Decision, in accordance with 20 U.S.C. Section 1415(i)(2)(B).

                                                      Terry Michael Banks
                                                      Hearing Officer

Date: February 5, 2007

Issued: 02/05/07

6

Copies to:

William E. Houston, Esquire
Dalton, Dalton & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300; Fax: (703)739-2323

Daniel McCall, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

7

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

RWL PLF

## I (a) PLAINTIFFS

William Houston

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE NP

## DEFENDANTS

Government of the DC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-00792
Assigned To : Friedman, Paul L.
Assign. Date : 05/01/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP (FOR DIVERSITY CASES ONLY)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 0   Check YES only if demanded in complaint JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☐ NO  If yes, please complete related case form.

DATE                SIGNATURE OF ATTORNEY OF RECORD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd